UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No:

STEVE GLOVER,

    Plaintiff,

v.

CENTRAL FLORIDA REGIONAL
TRANSPORTATION AUTHORITY,
d/b/a LYNX,

    Defendant.
_____/

# COMPLAINT

Plaintiff, STEVE GLOVER, (herein referred to as "Plaintiff" and/or "GLOVER"), by and through his undersigned counsel, hereby files this Complaint against Defendant, CENTRAL FLORIDA REGIONAL TRANSPORTATION AUTHORITY (hereinafter referred to as "Defendant" and/or "LYNX"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII), 2 U.S.C. §§ 2000e, *et seq*.; Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 et seq. (2017), the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, et seq., and 29 U.S.C. § 2601, et. seq., the Family and Medical Leave Act ("FMLA").

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to

conduct business in the Middle District of Florida; because the acts that give rise to Plaintiff's claims within the Middle District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff is a resident of Orange County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Building and Ground A & B employee in Orange County, Florida.

6. Plaintiff is an African American with a disability who experienced disparate treatment and retaliation on the basis of his race and disability/handicap. Plaintiff is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race and disability/handicap. Further, Plaintiff was denied a reasonable accommodation.

7. Defendant LYNX is a public transportation authority, organized and existing under and by virtue of the laws of the State of Florida with its principal place of business located at 455 N. Garland Avenue, Orlando, Orange County, Florida. LYNX has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. LYNX, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020, 2021 or 2022, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i), FCRA (Fla. Stat § 760.08(7), and the ADAAA .

9. By September 2020, GLOVER had been employed by Defendant for over 12 months, and he had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about December 22, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: May 24, 2021.

12. EEOC terminated its processing of the charge within 180 days of the filing of the charge.

13. Plaintiff was issued a Dismissal and Notice of Rights including a Notice of Suit Rights on September 13, 2022.  This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit A).

14. All conditions precedent to this action have been performed or waived.

## GENERAL ALLEGATIONS

15. Plaintiff worked for Defendant from November 15, 2004, until May 24, 2021, as a Building and Ground A & B employee.

16. Plaintiff worked on the nightshift as the lead man and his duties consisted of cleaning the facilities.

17. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendants for each year for which he was employed.

18. During the relevant time period, Plaintiff was disabled in that he had a diagnosis of diabetes, which substantially limited the function of the endocrine system.

19. Plaintiff's diabetes caused problems with his feet wherein he almost lost a toe to amputation. As a result, Plaintiff took FMLA leave starting on September 19, 2020.

20. In May 2021, Plaintiff's doctor released him back to work with the restriction that he could not wear steel-toed shoes because of his foot condition.

21. Pursuant to his doctor's instructions, Plaintiff requested an accommodation to wear non-steel-toed shoes to work.

22. With the accommodation, Plaintiff would have been able to perform the essential function of his job which included cleaning the facilities.

23. Granting Plaintiff's request for a reasonable accommodation would not have caused Defendant undue hardship.

24. Defendant refused to engage in the interactive process and denied Plaintiff's request for a reasonable accommodation.

25. Defendant told Plaintiff that his contract required him to be covered from head to toe and as such, he was required to wear steel-toed shoes to work.

26. However, Defendant accommodated a Plaintiff's Caucasian co-worker's religious accommodation request to wear skirts instead of pants to work.

27. Plaintiff's Caucasian co-worker is a similarly situated employee in that she also worked as a Building and Ground employee and was subjected to the same contractual requirements as Plaintiff.

28. In addition, many of Plaintiff's other similarly Caucasian, non-disabled co-workers wear non-steel-toed shoes to work.

29. Instead of accommodating Plaintiff's request to wear non-steel-toed shoes to work, Defendant told Plaintiff he could either transfer to a different department, resign, or be terminated.

30. Plaintiff requested a transfer on numerous occasions but was told there were not open positions each time he made a request.

31. Moreover, Plaintiff's transfer to another department would have resulted in a demotion as Plaintiff was told he would have to start from the bottom and work his way back up.

32. Defendant's failure to restore Plaintiff to his same or similar position effectively interfered with Plaintiff's rights under the FMLA.

33. Due to Defendant's refusal to accommodate Plaintiff's request for a reasonable accommodation and failure to restore Plaintiff to the same or similar position following his FMLA leave, Plaintiff was forced to resign or face termination.

34. Defendant's actions of failing to accommodate Plaintiff and forcing him to resign were due to his race and disability/handicap.

35. The reasons Defendant provided for Defendant's refusal to accommodate and Plaintiff's forced resignation were pretextual.

36. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race and disability/handicap were, at a minimum, a motivating factor in Defendant's decision to refuse Plaintiff's request for a reasonable accommodation and to force Plaintiff to resign[1].

37. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

38. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON RACE)

39. Plaintiff re-alleges and re-avers paragraphs 1 – 38 as fully set forth herein.

40. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

41. Plaintiff is a member of a protected class, to wit, African American.

42. Plaintiff experienced discriminatory treatment due to his race.

43. Defendant treated Plaintiff less favorably that Plaintiff's Caucasian co-workers. Specifically, Defendant provided similarly situated employees with a similar accommodation that it refused to provide Plaintiff which ultimately led to his forced resignation.

44. Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was ultimately forced to resign or be terminated.

45. Defendant's reasons for Plaintiff's forced resignation were pretextual.

46. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

47. Defendant acted with intentional disregard for Plaintiff's rights as an African American protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisors and/or other employees.

48. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

49. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff STEVE GLOVER requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF FCRA
## (DISCRIMINATION BASED ON RACE)

50. Plaintiff re-alleges and re-avers paragraphs 1 – 38 as fully set forth herein.

51. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 et seq., for damages caused by Defendant's disparate treatment of Plaintiff.

52. Plaintiff is a member of a protected class, to wit, African American.

53. Plaintiff experienced discriminatory treatment due to his race.

54. Defendant treated Plaintiff less favorably that Plaintiff's Caucasian co-workers. Specifically, Defendant provided similarly situated employees with a similar accommodation that it refused to provide Plaintiff which ultimately led to his forced resignation.

55. Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was ultimately forced to resign or be terminated.

56. Defendant's reasons for Plaintiff's forced resignation were pretextual.

57. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

58. Defendant acted with intentional disregard for Plaintiff's rights as an African-American protected under FCRA Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisors and/or other employees.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff STEVE GLOVER requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory

      treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III:
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

61. Plaintiff re-alleges and re-avers paragraphs 1–38 as fully set forth herein.

62. Plaintiff is a person with a disability as that term is defined under the ADAAA in that he suffers from diabetes, which substantially limits the function of the endocrine system.

63. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a Building and Ground A & B employee, with the proposed reasonable accommodation in that he could his position satisfactorily wearing non-steel-toed shoes.

64. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

65. Plaintiff would be able to perform the essential functions with the accommodation of wearing non-steel toed shoes, which would not have caused an undue burden to Defendant.

66. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability and further requires employers to reasonably accommodate the actual disabilities.

67. Defendant discriminated against Plaintiff for his disability by forcing Plaintiff to resign instead of granting his request for an accommodation.

68. Had Plaintiff not been disabled, he would not have suffered this adverse employment action.

69. Defendant's alleged basis for not accommodating Plaintiff which led to his forced termination—is pretextual. Defendant has accommodated similarly situated employees based on their religious beliefs and have allowed other non-disabled employees to where non-steel-toed shoes to work.

70. Even if Defendant could assert legitimate reasons for its decision to refuse to accommodate Plaintiff which led to his forced termination, Plaintiff's disability was, at minimum, a motivating factor in Defendant's decision to refuse to accommodate Plaintiff.

71. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for his back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

72. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff STEVE GLOVER requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

      b)      compensatory damages;

      c)      punitive damages;

      d)      attorney's fees and costs; and

      e)      any other award this Court deems necessary.

## COUNT VI: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA AND ADAAA

73.    Plaintiff re-alleges and re-avers paragraphs 1–38 as fully set forth herein.

74.    Plaintiff is a person with a disability as that term is defined under the ADAAA in that he suffers from diabetes, which substantially limits the function of the endocrine system.

75.    Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a Building and Ground A & B employee with the proposed reasonable accommodation in that he could perform his position satisfactorily wearing non-steel-toed shoes.

76.    Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

77.    Plaintiff would be able to perform the essential functions with the accommodation of wearing non-steel-toed shoes, which would not have caused an undue burden to Defendant.

78.    Plaintiff requested a reasonable accommodation on or about May 2021. The accommodation requested was to allow Plaintiff to wear non-steel-toed shoes to work.

79.    Plaintiff's request for an accommodation was reasonable and would not have caused Defendant undue hardship.

80.    Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

81.    Defendant refused to participate in the interactive process and forced Plaintiff to resign soon after he requested said accommodations.

82. As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff STEVE GLOVER requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

## COUNT V:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA

83. Plaintiff re-alleges and re-avers paragraphs 1–38 as fully set forth herein.

84. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

85. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability.

86. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, denied reasonable accommodation which led to Plaintiff's forced resignation, as set forth above, was the direct and proximate result of Plaintiff's actual

handicap(s)/disability/disabilities, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

87. There was no valid, legal reason for Plaintiff's denied reasonable accommodation which led to his forced resignation.

88. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which it could not, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors for Defendant's termination of Plaintiff's employment.

89. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

90. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff STEVE GLOVER requests judgment against Defendant as follows:

- a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;
- b) compensatory damages;
- c) punitive damages;
- d) attorney's fees and costs; and
- e) any other award this Court deems necessary.

## COUNT VI:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA
## (FAILURE TO ACCOMMODATE)

91. Plaintiff re-alleges and re-avers paragraphs 1–38 as fully set forth herein.

92. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

93. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

94. Plaintiff requested a reasonable accommodation on or about May 2021. The accommodation requested was to be permitted to wear non-steel-toed shoes to work.

95. Defendant denied Plaintiff's reasonable request for an accommodate without engaging in the interactive process and the denial of the accommodation ultimately led to Plaintiff's forced resignation.

96. Plaintiff's termination, as set forth above, was a denial of Plaintiff's reasonable accommodation request, which was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities.

97. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's forced termination despite being presented with a request for reasonable accommodations by Plaintiff.

98. Plaintiff's request would not have imposed an undue burden on Defendant.

99. The requested accommodations would have enabled Plaintiff to perform the essential functions of his position.

100. Defendant's reason(s) for denying Plaintiff's request for accommodations was pretextual.

101. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such a handicap/disability/disabilities were, at minimum, motivating factors for Defendant's failure to accommodate.

102. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

103. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff STEVEN GLOVER requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

### COUNT VII: VIOLATION OF THE FMLA (INTERFERENCE)

104. Plaintiff re-alleges and re-avers paragraphs 1 – 38 as fully set forth herein.

105. Plaintiff was eligible for FMLA leave because his diabetes caused a serious health condition that rendered him temporarily unable to perform his job duties pursuant to 29 U.S.C. § 2612(a)(1)(D).

106. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2021.

107. In September 2020, Plaintiff began FMLA leave.

108. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave due to his serious medical condition and be restored to his position or an equivalent position upon his return from FMLA leave.

109. Plaintiff returned from FMLA leave in May 2021 with a restriction to wear non-steel-toed shoes.

110. Defendant refused to restore Plaintiff to his position as a Building and Ground A & B employee or place him in an equivalent position despite Plaintiff's numerous requests to be restored.

111. Defendant's failure to restore Plaintiff to his position or an equivalent position interfered with Plaintiff's rights under the FMLA.

112. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

113. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages pursuant to the FMLA, 29 U.S.C. § 2617(a).

114. Plaintiff has retained the services of the undersigned firm and is obligated to pay attorney's fees should he recover damages from Defendant.

115. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff STEVE GLOVER requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, STEVE GLOVER, hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: November 7, 2022.

                                LAW OFFICES OF CHARLES EISS, P.L.
                                Attorneys for Plaintiff
                                7951 SW 6th Street, Suite 112
                                Plantation, Florida 33324
                                (954) 914-7890 (Office)
                                (855) 423-5298 (Facsimile)
By:   /s/ Charles M. Eiss
                                CHARLES M. EISS, Esq.
                                Fla. Bar #612073
                                chuck@icelawfirm.com
                                SHANNA WALL, Esq.
                                Fla. Bar #0051672
                                shanna@icelawfirm.com
                                JORGE GONZALEZ, Esq.
                                Fla. Bar #0051672
                                jorge@icelawfirm.com